THE LAW OFFICE OF TODD L. BEQUETTE
39275 STATE STREET
FREMONT, CA 94538
State Bar #160389
Office: (510) 742-9292
Mobile: (510) 851-5091
BequetteLw@aol.com
ToddBequette.com

Attorney for Defendant
RAUL LOPEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | NO: CR-1900171 JST |
|---|---|
| Plaintiff, | |
| vs. | |
| RAUL LOPEZ, | DEFENDANT'S SENTENCING MEMORANDUM |
| Defendant | |

INTRODUCTION

Defendant Raul Lopez stands convicted after plea of 18 U.S.C. 922(g)(1) (Felon in Possession of a Firearm and Ammunition and 21 U.S.C. 841(a)(1) (Possession with Intent to Distribute and Distribution of Methamphetamine. The defense urges the Court to consider a sentence below the guideline range pursuant to 18 U.S.C. 3553(a).

STATEMENT OF FACTS[1]

The Offense

On April 11, 2019, Defendant met with a confidential informant and sold the informant a .380 pistol and three magazines for $1,150.00. During the same meeting, defendant sold the informant an ounce of methamphetamine for $250.00. Defendant told the informant that he could obtain powder cocaine and would sell it for $900 per ounce, and had three other firearms he was willing to sell.

Upon defendant's arrest, officers seized the pistol, the three magazines, all of which contained ammunition, and the methamphetamine.

From the time of his arrest, defendant made known to law enforcement officers his intention to take responsibility for his crimes seek an early resolution of his charges.

The Defendant

Raul Lopez was born in Mexico into a very poor family. His father was robbed and killed when he was two years old, and as early as age seven, Raul helped keep the family above water by selling Doritos and his mother's tamales in the streets of Ensenada. He and his two sisters wore clothing hand sewn by their mother.

Mr. Lopez crossed over into the United States at age nine with his uncle and briefly settled in Escondido, California. After more than a year apart, Mr. Lopez was reunited with his mother and sisters in Oakland, where they lived in a one-bedroom apartment. Because his English language skills were limited, neighborhood youths accused him of being a Sureno gang member, and he was routinely beaten by them. (At the time, the young Mr. Lopez had not even heard of the Sureno gang.)

Defendant also butted heads with his mother's longtime boyfriend, Felipe Enriquez, who was loud and disrespectful towards his mother. Mr. Enriquez would criticize Raul for being overweight, and would discipline Raul for eating more than his share of food in the home. On one occasion, he fought with the man, protecting his mother.

---

[1] All of the facts herein are referenced in the Presentence Investigation Report

Defendant enrolled in school in Oakland and continued to work to support his family throughout his childhood, working early in the morning before school, setting up his mother's produce stand at the flea market. Defendant enjoyed school, playing soccer and working as a mentor in the East Bay Asian Youth Center. He lived a crime free life throughout his childhood, and graduated from high school.

When Mr. Lopez was 19 years old, he was shot in the leg by an unknown assailant, the victim of a drive by shooting in Oakland. His injuries were severe. He spent a month in the hospital and suffered a broken thigh bone. As a result of the shooting, defendant began smoking marijuana and abusing pain medication.

<u>The Appropriate Sentence Pursuant to 18 U.S.C. ∫3553(a)</u>

"The court in determining the particular sentence to be imposed, shall consider – (1) the nature and circumstance of the offense and the history and characteristics of the defendant."

The Court has no doubt read a great deal about difficult upbringings which, in one way or another, lead some to a life of crime. There is no question that many overcome such circumstances and never commit crime. However, the defense submits that Mr. Lopez' upbringing is nearly singular in tragedy, presenting obstacles that defendant has struggled to overcome.

I have represented Mr. Lopez in Court in various cases for approximately ten years. The defendant has never mentioned his upbringing and difficulties as an excuse for his actions. Instead, he is deeply disappointed in himself for his mistakes. As Mr. Lopez made clear in his probation interview, having grown up without a father, Mr. Lopez does not want the same for his three children.

///

///

        Respectfully submitted,


        ___/s/_____

        TODD BEQUETTE

        Attorney for Defendant

        RAUL LOPEZ